IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY RAY WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-04-1502-L |
| | ) | |
| GARY JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action on November 4, 2004, pursuant to 42 U.S.C. §1983. Plaintiff alleges in his Complaint that his Eighth Amendment rights were violated as a result of deliberate indifference by Defendants to his medical needs. As factual support for this claim, Plaintiff alleges that Defendant Johnson, a physician employed by the Oklahoma Department of Corrections, gave Plaintiff an insulin shot which caused Plaintiff to suffer continuing left-sided paralysis. Plaintiff alleges that this single incident occurred during his confinement at the Lexington Assessment and Reception Center on an unidentified date. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Complaint be dismissed without prejudice.

By Order dated November 30, 2004, the Court directed that the Complaint, Summons, and the November 30, 2004 Order be served on the Defendants and that Plaintiff

submit the necessary service papers to the Clerk within fifteen (15) days of the November 30, 2004 Order. To this date, the Plaintiff has taken no action to serve the Summons and Complaint on the Defendants.

According to Fed. R. Civ. P. Rule 4(m), if service of a summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the complaint shall be dismissed without prejudice as to that defendant unless the plaintiff shows good cause for the lack of service or the plaintiff may in the exercise of the court's discretion be granted an extension of time within which to effect service. The undersigned entered an Order on March 30, 2005, granting Plaintiff until April 19, 2005, to show good cause for his failure to serve the Defendants. The Order further notified Plaintiff of the Court's intention to recommend the dismissal of the action without prejudice as to the Defendants unless such good cause was shown by Plaintiff. As of this date, Plaintiff has taken no action to serve the Summons and Complaint upon Defendants as required by Fed. R. Civ. P. 4, and Plaintiff has not shown cause entitling him to a mandatory extension of time to effect service under Rule 4(m), Fed. R. Civ. P.

The Court must nonetheless consider whether a permissive extension of time is warranted. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Considering the factors relevant to this determination, it is noted that Plaintiff's pleadings do not allege on what date the alleged incident on which his claim of a constitutional deprivation occurred. Plaintiff's deficient pleadings make it impossible to determine whether the statute of limitations has expired with respect to Plaintiff's claims against Defendants. Plaintiff has not

attempted to serve Defendants nor does it appear that Defendants have attempted to evade service.  Accordingly, in the discretion of the undersigned, the undersigned finds that a permissive extension of time to effect service of process upon Defendants is not warranted.

Although Plaintiff appears *pro se*, he is required to adhere to the same rules of procedure as any other litigant.  Green v. Dorrell, 969 F.2d 915 (10th Cir. 1992).  As of this date, a review of the court file reflects that Plaintiff has failed to serve the Summons and Complaint on Defendants within 120 days after the filing of the Complaint, that Plaintiff has failed to show good cause why he has not done so, and that a permissive extension of time to effect service is not warranted.  Thus, in accordance with Fed. R. Civ. P. 4(m), it is recommended that the Complaint be dismissed without prejudice as to Defendants.

Moreover, before Plaintiff filed this civil rights action challenging the conditions of his confinement, Plaintiff was required to exhaust the administrative remedies available to him. 42 U.S.C. §1997e(a).  Plaintiff states in the Complaint only that "[t]here was no relief available under the administrative Grievance procedure." Plaintiff's allegations is not sufficient to demonstrate his exhaustion of the well-established administrative remedy procedure available to him within the Oklahoma Department of Corrections. See West v. Kolar, No. 03-6265, 2004 WL 1834634 (10th Cir. Aug. 17, 2004)(unpublished op.)("The Oklahoma Department of Corrections provides a multi-step inmate grievance procedure.").

Plaintiff appears to be asserting that it would be futile for him to exhaust the administrative remedy procedure because the relief he seeks is not available under that procedure.  However, the exhaustion requirement for state prisoners challenging the

conditions of their confinement must be satisfied regardless of whether the available remedies are capable of providing the particular relief being sought by the prisoner. Porter v. Nussle, 534 U.S. 516, 532 (2002). Plaintiff may believe that it would be futile for him to pursue administrative remedies because any grievance would be dismissed as untimely filed. However, the Plaintiff's failure to timely seek available administrative remedial relief does not excuse his lack of exhaustion. See Hilliard v. Ray, No. 04-7090, 2005 WL 375882 (10th Cir. Feb. 17, 2005)(unpublished op.)(finding prisoner's "failure to employ [administrative remedy procedure] in a timely manner does not excuse his failure to exhaust under §1997e(a)."). "[T]he presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, the Plaintiff's cause of action should be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge recommends that the action be dismissed without prejudice as to Defendants for failure to timely serve Defendants with process and for failure to exhaust administrative remedies. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  May 18 , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United

States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  28th  day of    April, 2005.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE